**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| WILLIAM ENGLISH,<br><br>Plaintiff,<br><br>v.<br><br>PETE HEGSETH, Secretary, United States Department of Defense,<br><br>Defendant. | CIVIL ACTION NO.: 4:25-cv-278 |

# ORDER

This matter is before the Court on Defendant's Motion to Dismiss, (doc. 23), and Plaintiff's subsequently-filed First Amended Complaint, (doc. 26). On May 12, 2025, Plaintiff filed his initial Complaint in the Middle District of Georgia, alleging claims for violation of the Rehabilitation Act, hostile work environment, age discrimination, and retaliation. (Doc. 1.) On November 20, 2025, the case was transferred to this Court, (doc. 14), and Defendant filed a Motion to Dismiss, (doc. 23), arguing that Plaintiff failed to administratively exhaust all counts except for his Rehabilitation Act claim, (id. at pp. 7–11), and also arguing that Plaintiff failed to state an actionable claim for those same three counts, (id. at pp. 11–25). Plaintiff contemporaneously filed a Response to the Motion to Dismiss, (doc. 27), and an Amended Complaint, (doc. 28).

In his Response, Plaintiff states that his Amended Complaint superseded his initial Complaint and that the Amended Complaint addresses the arguments Defendant presented in his initial Motion to Dismiss. (Doc. 27, p. 1.) The Amended Complaint drops all claims except for the claim for violation of the Rehabilitation Act. (Doc. 26.) Accordingly, he urges that the Motion

to Dismiss should be denied as moot or, alternatively, denied outright given his Amended Complaint. (Doc. 27, p. 1.)

Defendant then filed a Motion to Dismiss the Amended Complaint. (Doc. 28.) Therein, Defendant acknowledges that, "[i]n response to Defendant's Motion to Dismiss, Plaintiff voluntarily amended the Complaint to remove [the] claims" that Defendant had challenged in its initial Motion to Dismiss. (Id. at p. 5.)

Generally speaking, under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by amendment and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted). An amended complaint thus "renders [the original] of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (citation omitted). To be sure, however, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, therefore, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

Here, the Amended Complaint does not purport to incorporate the prior pleading and Plaintiff expressly concedes that his original Complaint has been superseded by the Amended Complaint, (see doc. 27, p. 1). Moreover, Defendant's Motion to Dismiss the Amended Complaint

does not purport to incorporate by reference or rely on any part of its earlier Motion to Dismiss. (See doc. 28.)

As such, Plaintiff's Amended Complaint is the sole operative pleading in this case and renders moot Defendant's Motion to Dismiss the original Complaint, (doc. 23). Moreover, mootness is particularly applicable here, where Defendant challenged the substance and legal sufficiency of three of Plaintiff's counts and then Plaintiff directly responded by dropping those counts and adding additional allegations in his Amended Complaint. Accordingly, the Court **DENIES as moot** Defendant's Motion to Dismiss. (Id.) Defendant's Motion to Dismiss the Amended Complaint, (doc. 28), remains pending.

**SO ORDERED**, this 28th day of September, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA