**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| WILLIAM E. ENGLISH,<br><br>Plaintiff,<br><br>v.<br><br>PETE HEGSETH, in his official capacity as Secretary of the United States Department of Defense,<br><br>Defendant. | CIVIL ACTION NO.: 4:25-cv-278 |

**O R D E R**

Plaintiff William English sues Defendant Pete Hegseth, in his official capacity as Secretary of the United States Department of Defense ("DoD"), alleging a violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. (Doc. 26.) Before the Court is Defendant's Motion to Dismiss. (Doc. 30.) Plaintiff has filed a Response in opposition to Defendant's Motion. (Doc. 33.) For the reasons below, the Court **DENIES** Defendant's Motion. (Doc. 30.)

## BACKGROUND

### A. Factual Background

These facts are alleged in Plaintiff's Amended Complaint. (Doc. 26.) At all relevant times, Plaintiff worked for the DoD as a Nurse (Clinical/Case Management) and was assigned to the Winn Army Community Hospital ("Winn ACH") in Fort Stewart, Georgia. (Id. at p. 2.) Plaintiff served as a Nurse Case Manager/Discharge Planner and was responsible for developing and coordinating discharge plans, coordinating with interdisciplinary teams and outside agencies,

documenting case management and discharge planning activities in the electronic health records, and communicating timely patient-care transitions to appropriate teams. (Id. at p. 3.)

Plaintiff has physical and mental impairments which substantially limit his mobility, stamina, concentration, sleep, and hearing. (Id.) The DoD and Plaintiff's supervisors were aware, or should have been aware, of Plaintiff's disabilities and need for accommodations based on Plaintiff's communications, medical documentation, and workplace discussions. (Id.) In May 2023, Plaintiff expressed to DoD management that he was experiencing debilitating medical conditions and required either a protected leave of absence or other workplace adjustments. (Id. at p. 4.) Plaintiff sent an email requesting a medical leave of absence to his supervisors, explaining that he was dealing with significant medical issues and requesting an adjustment to his work obligations. (Id.) Plaintiff's email noted that he would be unable to report for in-person work during his period of recovery. (Id.) Plaintiff further communicated that his medical provider requested that he be absent from work through approximately September 12, 2023, while he received medical care. (Id.) In addition to his request for medical leave, Plaintiff also proposed alternative work arrangements during his recovery period, such as telework/hybrid duties or temporary reassignment to a vacant position consistent with his qualifications. (Id.) Many of the essential duties of Plaintiff's position—such as documentation, coordination, communications, and discharge planning—could be performed remotely or with modified scheduling. (Id.) Similarly situated employees had been granted such accommodations in appropriate circumstances. (Id.)

DoD management failed to route Plaintiff's request through the required channels, failed to identify a decision-maker for Plaintiff's request, failed to provide Plaintiff with a timely written determination, and proposed no effective alternative accommodations. (Id. at pp. 4–5.) The DoD

either did not perform or did not document any individualized assessment of Plaintiff's medical conditions or the feasibility of his requested accommodations. (Id.) Because of these alleged failures, Plaintiff had to choose between remaining at work contrary to his medical needs or being regarded as absent from work during his recovery period. (Id.) As a result, Plaintiff experienced a loss of pay and benefits, damage to his professional standing, emotional distress, and disruption of medical care. (Id.)

**B. Procedural Background**

Plaintiff filed an initial inquiry with the Defense Health Agency Office of Equal Employment and Resolution Management ("DHA OEERM") on August 24, 2023, and was issued a Notice of Right to File a Formal Complaint. (Doc. 28-1, p. 2.)[1] Plaintiff then filed a formal complaint with the DHA OEERM, claiming that he was subjected to discrimination because of disability through his supervisors' failure to address his request for accommodation. (Id.) The DoD investigated and presented Plaintiff with the option of either a hearing before the Equal Employment Opportunity Commission ("EEOC")'s administrative judge or a final agency decision based on the evidence compiled in the case file. (Id.) Plaintiff chose the latter, and the DHA OEERM issued a final agency decision which concluded that Plaintiff had not been discriminated against. (Id. at p. 11.)

[1] When ruling on a motion to dismiss under Rule 12(b)(6), the Court typically confines itself to the complaint and any attached documents. Baker v. City of Madison, 67 F.4th 1268, 1276 (11th Cir. 2023). However, under the Eleventh Circuit Court of Appeals' "incorporation by reference" doctrine, the Court may also consider documents attached to the motion to dismiss if they are "(1) central to the plaintiff's claims; and (2) undisputed." Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024). Here, Defendant has attached both a copy of the DHA OEERM's Final Agency Decision on Plaintiff's discrimination complaint, (doc. 28-1), and a notice of acceptance and partial dismissal of Plaintiff's discrimination complaint that was sent to Plaintiff's counsel, (doc. 28-2). As these agency decisions are central to Plaintiff's claims and are undisputed, the Court incorporates them into its analysis.

Plaintiff subsequently brought this action pursuant to Section 501 of the Rehabilitation Act. (Doc. 26.) Plaintiff's Amended Complaint asserts one count of disability discrimination and/or failure to provide reasonable accommodation. (Id. at p. 6.) Plaintiff alleges that he is an individual with a disability as defined by the Rehabilitation Act and that he could perform the essential functions of his job with reasonable accommodations. (Id.) Plaintiff further alleges that the DoD's failure to timely acknowledge Plaintiff's request or provide reasonable accommodations caused him harm. (Id.) Plaintiff seeks the following forms of relief: a declaration that the DoD's conduct violated the Rehabilitation Act; back pay, front pay, restored benefits, and "other make-whole relief"; and an injunction requiring the DoD to (1) engage in the interactive process in good faith, (2) provide Plaintiff with reasonable accommodations, and (3) correct Plaintiff's employment records to the extent that they were impacted by the failure to accommodate Plaintiff's request. (Id.)

Defendant now moves to dismiss, arguing that Plaintiff's claim is barred by sovereign immunity and, as a result, the Court lacks subject matter jurisdiction over it. (See generally doc. 28.) Defendant argues in the alternative that, even if the Court has subject matter jurisdiction, Plaintiff's Amended Complaint nevertheless fails to state a claim upon which relief can be granted. (Id.) Plaintiff has filed a Response opposing Defendant's Motion. (Doc. 33.)

**STANDARD OF REVIEW**

A court may dismiss a complaint when it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or when the complaint does not state a facially plausible claim for relief under Rule 12(b)(6). Defendant argues that dismissal is appropriate on both grounds because Plaintiff's claims are barred by sovereign immunity and, in the alternative, Plaintiff fails to state a claim of disability discrimination. (See generally doc. 28.) When a court has pending

before it a motion to dismiss on both of those grounds, the generally preferable approach is to decide the jurisdictional issue first and then, if jurisdiction is found, to decide whether a claim has been stated. Jones v. State, 725 F.2d 622, 623 (11th Cir. 1984).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. Rather, "[a] complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215 (11th Cir. 2012) (quoting Ashcroft, 556 U.S. at 678).

The plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft, 556 U.S. at 678 (internal quotation marks and citation omitted). Dismissal under Rule 12(b)(6) is also permitted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993);

see also Neitzke v. Williams, 490 U.S. 319, 326–27 (1989) (explaining that Rule 12 allows a court "to dismiss a claim on the basis of a dispositive issue of law").

**DISCUSSION**

**I. Sovereign Immunity and the Court's Subject Matter Jurisdiction**

Defendant first argues that the Court lacks subject matter jurisdiction over Plaintiff's claim as it is barred by sovereign immunity. (Doc. 28, pp. 9–11.) As a sovereign entity, the federal government is immune from suit unless it expressly consents and waives its sovereign immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." Zelaya v. United States, 781 F.3d 1315, 1322 (11th Cir. 2015) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475–76 (1994)). "Once a waiver of sovereign immunity is recognized, it still 'must be strictly construed in favor of the United States' and 'not enlarged beyond what the language of the statute requires.'" Smith v. United States, 14 F.4th 1228, 1231 (11th Cir. 2021) (quoting United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res., 508 U.S. 1, 7 (1993)).

Defendant argues that, despite bringing this action under the Rehabilitation Act, Plaintiff is actually asserting a claim under the Family and Medical Leave Act ("FMLA"). (Doc. 28, p. 9.) Title II of the FMLA grants federal employees the right to leave but does not provide a private cause of action to address FMLA violations. Armstrong v. United States, No. 21-10200, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021) (citing 5 U.S.C. §§ 6381–87). As such, a federal employee may not bring an FMLA claim against the federal government, which retains its sovereign immunity from such claims. Id.; see also Harper v. Wormuth, No. 4:23-cv-104, 2023 WL 7009887, at *2 (S.D. Ga. Oct. 3, 2023), report and recommendation adopted, No. 4:23-cv-

104, 2023 WL 7004970 (S.D. Ga. Oct. 24, 2023) ("[T]his Court lacks subject matter jurisdiction of Plaintiff's FMLA claims because the United States has not waived its sovereign immunity with respect to FMLA claims by federal employees." (internal quotations omitted)). Defendant avers that, "[d]espite the artful pleading, what the First Amended Complaint describes is an FMLA request, and Plaintiff's claim argues that Defendant did not properly respond to such request." (Doc. 28, p. 10.) According to Defendant, Plaintiff's requested accommodation amounts only to a request for an extended absence from work for a defined period to receive care and address his medical conditions—i.e., a request for medical leave. (Id.) Defendant notes that, in the *original* Complaint, "Plaintiff acknowledged that what he submitted was 'an FMLA packet documenting his conditions and need for leave through September 12, 2023.'" (Id. (quoting doc. 1, p. 4).) Further, Defendant states that, "in the administrative EEO process, Plaintiff presented his request as one for FMLA leave." (Id. (citing doc. 28-1, p. 4).) Therefore, Defendant contends that the Court "is not required to accept Plaintiff's conclusory portrayal of his FMLA request as one for accommodation but may instead address it based upon what the properly alleged facts indicate it was – an FMLA request." (Id. at p. 11.)

Plaintiff responds that Defendant's "argument collapses subject-matter jurisdiction into the merits" and that "jurisdiction is not defeated by the possibility that the averments may fail to state a claim on which the plaintiff can actually recover." (Doc. 33, p. 6.) According to Plaintiff, "Defendant's position asks the Court to decide a disputed characterization question—whether Plaintiff's May 2023 communications were only an FMLA leave request or [were] also a disability-based accommodation request. That is not a Rule 12(b)(1) defect." (Id.) Plaintiff concedes that a federal employee "cannot maintain a stand-alone FMLA claim" against the federal government, but he contends that this is irrelevant here as he is bringing suit under the

Rehabilitation Act and not the FMLA. (Id. at p. 7.) Additionally, the fact that leave under the FMLA was discussed during the EEO process "does not convert the operative federal claim into an FMLA action for jurisdictional purposes," but instead "underscores the existence of a factual and legal dispute about what Plaintiff requested and how [the] DoD should have treated it." (Id. at p. 8.) Plaintiff further argues that Defendant's reliance on the original Complaint's reference to an "FMLA packet" is improper as the filing of the Amended Complaint renders Plaintiff's original Complaint inoperative and thus irrelevant. (Id.) Instead, the Court must evaluate jurisdiction based on the pleadings contained in the Amended Complaint. (Id.)

While Defendant is correct that the federal government may not be sued for a denial of medical leave under the FMLA, it does not follow that any claim brought against the federal government under the Rehabilitation Act on the basis of a denial of medical leave is a non-cognizable FMLA claim in disguise. Instead, a Rehabilitation Act claim may be based on the denial of a leave of absence.[2] See, e.g., Thrasher v. UAB Hosp. Mgmt., LLC, No. 2:22-CV-01324-SGC, 2024 WL 4363157, at *3–5 (N.D. Ala. Sep. 30, 2024) (plaintiff brought claim for discrimination under the Rehabilitation Act after her request for extended medical leave was denied). This is true even in cases against the federal government. See Bend v. Scalia, No. 1:19-CV-4295-JPB-JSA, 2020 WL 13543925, at *3, 7 (N.D. Ga. Feb. 11, 2020), report and recommendation adopted, No. 1:19-CV-04295-JPB, 2020 WL 13543878 (N.D. Ga. Apr. 14, 2020) (recommending that federal government's motion to dismiss be granted as to FMLA claim on sovereign immunity grounds but denied as to discrimination claim under the Rehabilitation Act where the alleged discrimination consisted of a denial of plaintiff's request for "leave as a

[2] In addition to his request for medical leave, Plaintiff also requested other accommodations, "including telework/hybrid duties or temporary reassignment to a vacant position consistent with his qualifications." (Doc. 26, p. 4.) Defendant does not argue that these requested accommodations sound in the FMLA.

reasonable accommodation"). As the Eleventh Circuit Court of Appeals has recognized, "a leave of absence might be a reasonable accommodation in some cases." Wood v. Green, 323 F.3d 1309, 1314 (11th Cir. 2003). Defendant cites no authority suggesting that any claim regarding the denial of medical leave must be regarded as an action arising solely under the FMLA. The Court is thus unpersuaded that Plaintiff is bringing a covert FMLA claim merely because his desired accommodations included a request for medical leave.

## II. Whether Plaintiff's Complaint States a Claim for Discrimination

Next, Defendant argues that Plaintiff's claim, even if construed as arising under the Rehabilitation Act, should nevertheless be dismissed for failure to state a claim of discrimination on the basis of disability. (Doc. 28, pp. 11–17.) Section 504 of the Rehabilitation Act prohibits covered employers from discriminating against employees based on their disabilities. Owens v. Governor's Off. of Student Achievement, 52 F.4th 1327, 1333 (11th Cir. 2022). The standards for determining whether an employer violates the Rehabilitation Act are the same as those under Title I of the Americans with Disabilities Act ("ADA") such that "cases involving the ADA are precedent for those involving the Rehabilitation Act." Id. at 1334 (internal quotations and citations omitted).

"To establish a prima facie case of discrimination under the Rehabilitation Act, an individual must show that (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." Id. (alteration adopted) (quoting Sutton v. Lader, 185 F.3d 1203, 1207–08 (11th Cir. 1999)). "Unlawful discrimination under the Rehabilitation Act includes failing to provide reasonable accommodations for employees' known disabilities." Id. (citing Boyle v. City of Pell City, 866 F.3d 1280, 1289 (11th Cir. 2017)). An accommodation is reasonable "only if it enables the

employee to perform the essential functions of the job" without imposing an "undue hardship on the employer." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). The plaintiff bears the burden of identifying an accommodation and demonstrating that it would enable him to perform the essential functions of the job. Id. at 1255–56. An employer need not create positions for disabled employees. Sutton, 185 F.3d at 1211. Further, "[r]eassignment to another position is a required accommodation only if there is a vacant position available for which the employee is otherwise qualified." Willis v. Conopco, Inc., 108 F.3d 282, 284 (11th Cir. 1997). "[T]o trigger an employer's duty to provide a reasonable accommodation, the employee must (1) make a specific demand for an accommodation and (2) demonstrate that such accommodation is reasonable." Owens, 52 F.4th at 1334. Once the employee provides this information, the employer must "initiate an informal, interactive process with the employee to discuss the employee's specific limitations, explore potential accommodations, and select the most appropriate accommodation for both the employer and the employee." Id. (internal quotations omitted).

Defendant argues that Plaintiff fails to state a claim of discrimination under the Rehabilitation Act both because Plaintiff was not "otherwise qualified" for the position and because he failed to request a reasonable accommodation. (Doc. 28, pp. 12–17.) The Court addresses each argument in turn.

**A. Whether Plaintiff has Plausibly Alleged That he was "Otherwise Qualified"**

Defendant contends that Plaintiff has not shown that he is "otherwise qualified" for the position of Nurse Case Manager/Discharge Planner at Winn ACH, a position which Plaintiff held before the events in question. (Id. at p. 13.) According to the Amended Complaint, the essential functions of this position include: "developing and coordinating discharge plans; coordinating with interdisciplinary teams and outside agencies; documenting case management and discharge

planning activities in the electronic health record; and communicating timely patient-care transitions to appropriate teams." (Id. at p. 3.) Plaintiff alleges that his "physical and mental impairments substantially limit[ed]," at a minimum, his "mobility, stamina, concentration, sleep, and hearing." (Id.) As a result of these debilitating medical issues, Plaintiff required a period of medical leave and/or alternative work arrangements (such as a telework/hybrid arrangement or "temporary reassignment to a vacant position"). (Id. at p. 4.) Defendant avers that these allegations show that Plaintiff was not qualified to continue in his role, arguing that Plaintiff has failed to adequately plead qualification and instead has offered only conclusory assertions at odds with his own factual allegations. (Doc. 28, pp. 13–14.)

In his Response, Plaintiff contends that "Defendant is asking for far too much at the pleading stage." (Doc. 33, p. 9.) Plaintiff claims that Defendant premises its Rule 12(b)(6) Motion on his supposed inability to establish a prima facie case of discrimination, which Plaintiff argues he need not do at this stage. (Id. (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510–12 (2002)).) Instead, Plaintiff claims that he "need only allege enough factual matter to state a plausible claim and give Defendant fair notice of the basis for that claim." (Id.)

The Supreme Court instructs that the prima facie case for discrimination, derived from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), "is an evidentiary standard, not a pleading requirement." Swierkiewicz, 534 U.S. at 510. Rather, to state a claim for discrimination, a complaint "need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Andrews v. City of Hartford, 700 F. App'x 924, 925–26 (11th Cir. 2017) (quoting Swierkiewicz, 534 U.S. at 512); see also Chambers v. Houston Cnty. Health Care Auth., No. 1:21-CV-63-ECM, 2021 WL 4269358, at *3 (M.D. Ala. Sep. 20, 2021) ("To survive a motion to dismiss, an employment discrimination plaintiff is not required to plead facts to establish

a prima facie case under the McDonnell Douglas framework." (citing Swierkiewicz, 534 U.S. at 508)).[3] Nevertheless, a complaint alleging discrimination must meet the plausibility standard of Twombly and Iqbal, stating facts that could support a claim under the McDonnell Douglas framework or some other standard. Craig v. Murphy, No. 1:17-CV-5112-CAP-JSA, 2018 WL 11486861, at *3 (N.D. Ga. Sep. 7, 2018), report and recommendation adopted, No. 1:17-CV-5112-CAP, 2018 WL 11486860 (N.D. Ga. Oct. 1, 2018).

Plaintiff has sufficiently pled that he was "otherwise qualified" to perform his essential duties as a nurse. While the Amended Complaint is hardly the paragon of clear pleading, it nevertheless clears the low hurdle required to state a claim for discrimination under the Rehabilitation Act. Plaintiff alleges that he was suffering from a medical condition and, on the advice of his medical provider, requested a defined period of leave to recover from this condition. (Doc. 26, p. 4.) Plaintiff further requested "alternative arrangements" instead of or in addition to this requested leave, such as teleworking or changing to hybrid duties. (Id.) Plaintiff claims that such arrangements "ha[ve] been permitted for similarly situated employees in appropriate circumstances." (Id.) Additionally, Plaintiff alleges that "substantial components" of his job—including "documentation, coordination, communications, and discharge planning"—"could be performed remotely or with modified scheduling." (Id.) These claims perhaps skirt the line between factual allegation and mere legal conclusion, but they still identify the essential functions of Plaintiff's job and state that these functions can (and previously have) been performed with the

[3] Swierkiewicz was decided before the Supreme Court's landmark decisions in Twombly and Iqbal, which altered how courts apply federal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Newman v. Jekyll Island III Hotel Mgmt., LLC, No. 2:25-cv-163, 2026 WL 2531795, at *5 n.3 (S.D. Ga. Aug. 27, 2026). However, these later decisions do not affect the holding in Swierkiewicz as to the pleading requirements in employment discrimination cases. See id.; see also Andrews, 700 F. App'x at 926 ("The Supreme Court's later decision in Twombly did not alter" the Court's holding that the McDonnell Douglas prima facie case is not a pleading requirement).

requested accommodations. As such, Plaintiff has sufficiently pled that he was a qualified individual.

**B. Plaintiff's Request for Accommodations**

Defendant also argues that Plaintiff has failed to plead facts that would indicate that he met his initial burden in requesting a reasonable accommodation. (Doc. 28, pp. 14–17.) Defendant correctly notes that a plaintiff alleging discrimination under the Rehabilitation Act bears the initial burden of requesting a reasonable accommodation and must satisfy that burden before the employer's duty to provide the accommodation is triggered. (Id. at p. 14.) According to Defendant, a request for leave that "does not indicate that the employee is seeking an accommodation" is insufficient. (Id. at p. 15.) Rather, the plaintiff must "make a specific demand for such an accommodation" and must also "establish[] that the particular accommodation is reasonable." (Id. (quoting Wilson v. Sec'y of Veterans Affs. Dep't of Veterans Affs., No. 20-10799, 2022 WL 1907863, at *4 (11th Cir. June 3, 2022)).)

Plaintiff does not dispute his burden of properly requesting an accommodation, but notes that "neither the Rehabilitation Act nor the ADA standards it incorporates require magic words, a particular form, or some rigid incantation." (Doc. 33, p. 13 (citing 29 U.S.C. § 791(f)).) As Plaintiff points out, "the EEOC's Enforcement Guidance explains that an employee requests accommodation by letting the employer know that he needs an adjustment or change at work for a reason related to a medical condition; the employee may use plain English and need not mention the ADA or the phrase 'reasonable accommodation.'" (Id. (citing U.S. EQUAL EMP. OPPORTUNITY COMM'N, NO. 915.002, ENFORCEMENT GUIDANCE: REASONABLE ACCOMMODATION AND UNDUE HARDSHIP UNDER THE ADA, QUESTION 1 (Oct. 17, 2002)).) Plaintiff also notes that accommodation requests need not be in writing and may consist of simply asking for time off.

(Id.) Additionally, a health professional may request an accommodation on an employee's behalf, and a doctor's letter outlining the need for certain work accommodations constitutes a request. (Id. at pp. 13–14)

Plaintiff avers that the Amended Complaint contains factual allegations which make clear that he properly requested an accommodation here. (Id. at p. 14.) The Amended Complaint alleges that Plaintiff emailed his supervisors to inform them that he needed either leave or alternative work arrangements to recover from disabling medical conditions and explained that he could not work in person during an identified period. (Id.; see also doc. 26, p. 4.) Plaintiff further identified other workplace changes that would accommodate his needs. (Doc. 26, p. 4.) Plaintiff also claims that he provided "supporting materials" and "further communicated to DoD leadership that his medical provider requested he be absent from work for a defined period." (Id.)

Plaintiff is correct that a request for accommodation need not take any particular form. While the Eleventh Circuit has not articulated a precise standard for determining whether an employee has satisfied their initial burden of requesting an accommodation, it has approvingly cited other circuits for the proposition that the employee "need not use magic words" so long as they inform their employer of their disability and desire for an accommodation. Adigun v. Express Scripts, Inc., 742 F. App'x 474, 476 (11th Cir. 2018) (first citing Smith v. Midland Brake, Inc., 180 F.3d 1154, 1172 (10th Cir. 1999); then citing Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 314 (3d Cir. 1999)).

Taking Plaintiff's factual allegations as true and construing them in the light most favorable to him, the Court finds that he has sufficiently pled facts to meet his initial burden of requesting accommodation. The Amended Complaint alleges that Plaintiff informed the DoD of his debilitating medical conditions and requested a specific work arrangement to accommodate those

conditions. This is enough to meet Plaintiff's burden on this point. See Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363–64 (11th Cir. 1999) (employee must inform their employer of their disability and request the provision of a reasonable accommodation).

Defendant also claims that Plaintiff has failed to show that his requested accommodation is reasonable, arguing that Plaintiff's request for extended leave would not permit him to perform the essential functions of his position. (Doc. 28, pp. 15–17.) Defendant correctly contends that employers need not grant requests for indefinite leave, which are not reasonable accommodations. "Eleventh Circuit case law is clear that an indefinite pause on some aspect of a plaintiff's job as a result of a disability-related accommodation is unreasonable." Okafor v. Infuserve Am., Inc., No. 8:21-CV-2007-JLB-MRM, 2023 WL 3563600, at *13 (M.D. Fla. Mar. 6, 2023) (citing Frazier-White v. Gee, 818 F.3d 1249, 1255–57 (11th Cir. 2016)). While a leave of absence is a reasonable accommodation in some instances, an employee may not demand indefinite leave without a set return date. Wood, 323 F.3d at 1314 (request for indefinite leave of absence without a clear return date was unreasonable); see also Adigun, 742 F. App'x at 477.

However, Plaintiff did not request an indefinite leave here. Instead, Plaintiff sent an email on May 31, 2023, requesting a leave of absence through September 12, 2023. (Doc. 26, p. 4; doc. 28-1, p. 4.) In other words, Plaintiff requested a definite period of absence with a specified return date. It is unclear whether taking a roughly three-and-a-half month leave of absence would prevent Plaintiff from performing the essential functions of his job, but the Court need not decide the reasonableness of Plaintiff's request at this stage of the proceedings. See Alumni Cruises, LLC v. Carnival Corp., 987 F. Supp. 2d 1290, 1305 (S.D. Fla. 2013) (the reasonableness of a proposed accommodation is generally a question of fact). As noted above, Plaintiff alleges that he also requested alternative work arrangements (such as telework or a hybrid schedule) and that his

requested accommodations had been granted to other employees. (Doc. 26, p. 4.) Taking Plaintiff's allegations as true, the Court cannot say that his requested accommodations are unreasonable. Rather, whether the proposed accommodations would have enabled Plaintiff to fully perform the essential functions of his job remains a factual question that cannot be decided at this stage.

**CONCLUSION**

For the reasons stated above, Plaintiff has properly stated a claim for disability-based discrimination under the Rehabilitation Act. Therefore, Defendant's Motion to Dismiss is **DENIED**. (Doc. 28.) The Court **LIFTS** the stay of discovery, (see doc. 25), and **DIRECTS** the parties to confer and submit a Rule 26(f) Report **within FOURTEEN (14) DAYS**.

**SO ORDERED** this 13th day of October, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA